**PARKS v GUCKENBERGER et**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 6065. Decided Feb. 24, 1942.

Paxton & Seasongood, Cincinnati, for Frances R. Parks.

Carl W. Rich, Cincinnati, for George Guckenberger.

Thomas J. Herbert, Columbus, and Aubrey A. Wendt, Akron, for William S. Evatt.

**OPINION**

BY THE COURT:

This is an appeal from a judgment of the court of common pleas of Hamilton county, rendered on the hearing of an appeal from an order of the Tax Commission of Ohio, fixing the value for taxation purposes for the year 1936 of 250 shares of the preferred stock of The Parks Woodworking Machine Company, owned by Frances R. Parks, the appellee.

The Tax Commission fixed the value at $100.00 per share. The court of common pleas reduced the valuation to $50.00 per share, which was the value fixed in the taxpayer's return.

The record shows that this same stock was valued in prior years at $50.00 per share by the Tax Commission. It also shows that there was no substantial change in the financial condition of the corporation that would justify the difference in valuation. It is argued from that premise that this

is clear and convincing evidence which shows that the increase in the valuation was purely arbitrary. As we view it, the circumstance has no evidential value. Of course, the valuation fixed for a prior year would not be binding on the Tax Commission when it came to fix the value for a subsequent year. State, ex rel. Methodist Book Concern v. Guckenberger, Auditor 57 Oh Ap, 13. To hold that the prior valuation overthrows the subsequent valuation is to give to the prior finding a greater sanction than the subsequent one, to which it is not entitled. They have no more relation to one another than two distinct trespasses upon Blackacre by the same trespasser would have in two distinct actions by the owner for the damage resulting from the trespasses. The validity of each finding is determined by the evidence by which it is supported. For even more obvious reasons, a valuation fixed in a subsequent year would have no probative value. We must, therefore, look to the evidence as to the value of this stock.

The record shows that this corporation had a capital stock of 250 shares of preferred stock par value of $100.00 per share and 500 shares of common stock of a par value of $100.00 per share. The statement of assets and liabilities shows that it had a surplus of $14,896.42 above debts and capital stock. As the preferred stock was entitled to be paid in full before anything could be paid to the common stockholders on liquidation, this means that every dollar of the preferred stock was secured by three and one-half dollars of assets.

However, no dividends had been paid on this stock since October, 1932, and the corporation had actually suffered a loss during the years 1933, 1934, 1935, and 1936, but the loss was comparatively small and still left the corporation with the surplus already mentioned.

There is evidence that the plaintiff sold this stock in 1937 for $50.00 per share.

Objection was made to the introduction of all this evidence except the statment of assets and liabilities from the books of the corporation, but we do not stop to consider the objection. Our conclusion theron would not affect our decision.

By §5388 GC, non-productive intangibles are required to be listed and assessed "at the true value thereof," and by §5375 GC, it is enacted that the assessor shall be guided by the statements contained in the taxpayer's return "and such other rules and evidence as will enable him to arrive at such true value."

And after the taxing authorities have fixed the value, the scope of judicial review is limited by §5611-2 GC (116 Ohio Laws, 123) as follows:

"****No determination of the tax commission as to the value of the property for taxation shall be reversed, vacated, or modified unless it is shown by clear and convincing evidence that the value of the property, as determined by the tax commission, is not the true value in money of such property."

In Linch v. Heuck, 58 Oh Ap, 406, we had occasion to apply this section in an appeal from a valuation of real estate under the statute (§5560 GC) which required the assessment of real property "at its true value in money." The cases were reviewed in extenso and our conclusion stated fully. We do not deem it necessary to repeat them here.

The officers and directors of this corporation represented its stockholders. In fixing the value of its assets and recording its liabilities they were

the agents of the plaintiff as well as the other stockholders. Their record showed that the corporation had assets above liabilities sufficient to pay not only this preferred stock in full but also the common stock in full and still leave a surplus of more than $14,000.00. This was competent evidence of true value of a substantial nature.

We are of the opinion that the Tax Commission did not act arbitrarily in basing its valuation upon it.

The evidence of absence of dividends, profits and subsequent sale for less, and prior valuation by the Tax Commission for less in former years, even, if competent, would have little, if any, tendency to prove "true value" and, certainly, is not clear and convincing evidence that a valuation supported by the books of the corporation itself is wrong.

For these reasons, the judgment of the court of common pleas is reversed and final judgment will be entered in this court affirming the valuation of the Tax Commission.

MATTHEWS, PJ & ROSS J, concur.
HAMILTON, J., Dissents.

HAMILTON, J.: Dissenting:

The matter in controversy involves the valuation of two hundred fifty (250) shares of preferred stock of The Parks Woodworking Machine Company owned by Frances R. Parks as returned by her in her 1936 intangible tax return. This stock of one hundred dollars ($100) par value per share was all of the outstanding preferred stock of the corporation and in addition there were five hundred (500) common shares of one hundred dollars ($100) par value per share also .outstanding, none of which common stock was owned by appellant. No dividend was paid on the preferred stock since October 1, 1932, and it was, therefore, listed under Schedule 7 of her 1936 intangible tax return as an unproductive investment, which, by the provisions of §5388 GC, is required to be listed "at the true value thereof, in money, on the day as of which such investments are required to be listed." The day of listing was January 1, 1936, and appellant listed the stock at fifty dollars ($50) per share. The Tax Commission by a preliminary assessment certificate raised the valuation to par, one hundred dollars ($100) per share.

An appeal was taken to the Tax Commission on December 8, 1936, under favor of §5394 GC, which Commission sustained the increase in valuation. Thereupon an appeal was perfected to the Common Pleas Court of Hamilton County, Ohio, under the provisions of §5611-2 GC, on March 2, 1937, and upon consideration of the transcript of the proceedings before the Tax Commission, stipulations as to the facts, the arguments and briefs of counsel, the Common Pleas Court rendered an opinion in favor of Mrs. Parks. The opinion of the Court of Common Pleas is on file in this cause.

The court of common pleas reversed the action of the State Tax Commission, holding that the increase of valuation of the stock in question from fifty dollars to one hundred dollars par value was without justification, unwarranted by the evidence. and was unreasonable and arbitrary. From that judgment, the Tax Commission appeals to this court, alleging three assignments of error:

1. The Common Pleas Court erred in finding that the valuation for the purposes of taxation of the preferred stock of Parks Woodworking Machine Company on January 1, 1936, as determined by the former Tax Commission, was not warranted and could not be sustained by the evidence.

2. The Common Pleas Court erred in admitting in evidence and consider-

ing evidential matters postdating the time of the assessment.

3. The Common Pleas Court erred in reversing and in not affirming the determination and order of the former Tax Commission.

Sec. 5388 GC, and related sections provide in respect to the listing of stocks for taxation.

Sec. 5388 GC, provides:

"***but any property defined as investments in either of the first two subparagraphs of §5323 GC which has yielded no income during such calendar year shall be listed and assessed as unproductive investments, at the true value thereof, in money, on the day as of which such investments are required to be listed.
* * *"

The concrete question in this case concerns the value of the preferred stock at its true value in money.

Sec. 5375 GC, provides:

"In assessing taxable property the assessor shall be governed by the rules of assessment precribed by this chapter. Wherever any taxable property is required to be assessed at its true value in money or at any percentage thereof, the assessor shall be guided by the statements contained in the taxpayer's return and such other rules and evidence as will enable him to arrive at such true value.***"

It appears from the record that no dividends had been paid on the stock from October 1st, 1932 to the time the appellant sold her preferred stock in April, 1937.

One of the complaints is as to the receipt and consideration of evidential matters subsequent to 1936, and the claim is made that they should not have been considered.

If the facts which occurred subse-

quent to the listing date tended to throw light on the value of the stock at the date of listing, we see no reason why it should not be received and considered. §5375 GC, gives the Commissioners broad discretion in the receipt of evidence bearing on the value of the property in question. Certainly, the common pleas court would not be restricted more than the Commission in the receipt of evidence. The stock in question was an unproductive investment, and, therefore, was properly listed as such; no dividend having been received for several years.

The question of the value of the stock was before the State Tax Commission on appeal in 1934, when the assessment raising the value of the stock was made by the Assessing Board of Hamilton county. At that hearing, the State Tax Commission of Ohio made an entry, finding, among other things, the following:

"* * *

The Commission being fully advised in the premises finds that said appeal is well taken in part, and that the true value of each share of said preferred stock is $50.00.

It is ordered that an amended assessment certificate be issued accordingly."

Following that decision of the State Tax Commission, returns were made of the value of the stock in 1934, 1935, 1936, and 1937. The assessment made in the year 1936 was again raised to $100.00 a share or par value, and, as heretofore stated, the taxpayer appealed from that assessment to the State Tax Commission, which Commission sustained the assessment of $100.00 per share.

While it is true that the State Tax Commission was not bound by its finding of the value in December, 1934, and the evidential approval of the taxpayer as fixed at $50.00 for the following year, with all reports of the finan-

cial position of the company adverse, it becomes difficult to understand on what ground the value was raised to $100.00 by the Tax Commission.

The State relies on the provision of §5611-2, GC, which provides:

"* * * No determination of the tax commission as to the value of the property for taxation shall be reversed, vacated, or modified unless it is shown by clear and convincing evidence that the value of the property, as determined by the tax commission, is not the true value in money of such property."

The only evidence as to the true value of this stock is the fact that the book value of the property of the company showed its worth was in excess of the par value of the preferred and common stock. The book value cannot be the controlling factor in determining true value. It could well be on liquidation of the company that the book value would be largely in excess of the amount in a forced sale. The financial statement of the Company covering the years 1934, 1935, 1936 and 1937 shows the company to have been operating at a loss, and that its surplus was greatly reduced. While it is true a finding of the Tax Commission in 1934 could not bind the Commission as to the value in 1936, the absence of changed conditions does have a bearing on the fixing of the true value. The circumstances of the sale in 1937 at $50 per share was another circumstance to show the value as considered by the parties concerned. She sold her property at $50.00 per share at a private sale. What it would have brought at a public sale is problematic. The Tax Commission found that this valuation of $50.00 per share in 1937 was a proper valuation. It would seem that the action of the Tax Commission was somewhat in the nature of making a football out of the valuation of this preferred stock in question, and not fixed on a sound basic calculation. It is difficult to conceive of anyone holding stock non-productive of any returns for five years under any system of calculation considered worth par, without any real facts on which to base this conclusion.

According to the rules of the Tax Commission stock worth fifty cents on the dollar in 1934, and so fixed at its true value in money, the only change in 1935 and 1936 being the operation of the company at a loss and the reduction of its surplus, yet in 1936, the year in question in this case, the Tax Commission arbitrarily apparently from the facts concluded to make the valuation $100.00 per share, without any change in the financial position of the company. Without any such change the Tax Commission sustains the increase in the assessment to $100.00 per share the following year, which is an added factor in showing an arbitrary fixing of the value without any reason or justification.

Under these conditions, the Tax Commission abused its discretion given to it by the statute, and the appellee in my opinion has sustained the requirement of the law as to the clear and convincing character of proof required. Moreover, under the rules of law in order to reverse the judgment of the court of common pleas, we would be required to find that that court was clearly wrong. Under the facts, this we cannot do.

The judgment of the court of common pleas is affirmed.